**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KIRBY WARD**                                                                                                    **PLAINTIFF**

**V.**                                    **CASE NO. 4:20CV347DPM**

**LUCAS EMBERTON AND
GENE EARNHART**                                                                                    **DEFENDANTS**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT**

COME now, Defendants, Lucas Emberton and Gene Lockhart, in their official capacity, by and through counsel, Sara Monaghan, and for their Response to Plaintiff's Motion for Leave to Amend his Complaint, state:

Plaintiff brings a claim for an alleged Fourth Amendment violation pursuant to 42 U.S.C. § 1983 based on his allegation that Defendants' seizure of his firearm was unreasonable. In addition, Plaintiff brings claims pursuant to the Arkansas Civil Rights Act based on the alleged unlawful seizure. Plaintiff also brings a claim for the state tort of conversion.

In the Complaint, Plaintiff named Lucas Emberton and Gene Earnhart, both police officers with the Greenbrier, Arkansas Police Department, as defendants in this action, but Plaintiff did not designate in the caption or in the body of his Complaint in what capacity he is suing Emberton and Earnhart. With respect to claims brought pursuant to 42 U.S.C. § 1983, where a plaintiff's complaint is silent about the capacity in which the defendant is being sued, courts interpret the complaint as including only official-capacity claims against named defendants. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Further, with respect to ACRA claims, a plaintiff must specify in his or her complaint whether relief is being sought against a

defendant in his or her individual capacity. *See Smith v. May,* 2013 Ark. 248, 5, 2013 WL 2460187, *3 (2013); *see also Swanigan v. Arkansas Dep't of Correction*, 2014 Ark. 196, 3, 2014 WL 1776021, *2 (2014). In addition with respect to the ACRA claims, pursuant to Ark. Code Ann. § 16-123-105(c) states: "… [A] court may look for guidance to state and federal decisions interpreting the federal Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983," and the law set forth in *Baker v. Chism* applies to those claims as well. Therefore, this suit against the officers in their official capacities is not a suit against the officers personally, but rather a suit against the entities in which the officers work for or represent: *i.e.* the City of Greenbrier.

Pretrial amendment of pleadings is governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides, "[t]he court should freely give leave [to amend] when justice so requires." *Id.* "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.* 532 F.3d 709, 715 (8th Cir. 2008) (*citing United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). A district court may deny leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, under prejudice to the non-moving party, or futility of the amendment." Id. (*quoting Mosis.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

Rule 16(b) provides that "[e]xept in categories of actions exempted by local rule, the district judge…must issue a scheduling order," which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(1), (3(A). The scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "Rule 16(b)'s good-cause standard governs when a party seeks leave to

amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman*, 532 F.3d at 716. "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) 'would render scheduling orders meaningless and effectively ... read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *Id. (citing Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir.1998)). Because Plaintiff filed his Motion for Leave to Amend the Complaint after the deadline for amending pleadings, he is required to show cause in order to be given leave to amend. *Id*.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id., quoting Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id. citing Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Eighth Circuit "cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.*, *citing Rahn,* 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County,* 420 F.3d 880, 883 (8th

3

Cir.2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir.2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

Here, the Plaintiff has made no attempt to demonstrate good cause for seeking leave to amend after the scheduling order deadline. Plaintiff waited over 19 months after filing his Complaint to seek leave to amend, without any explanation for this delay. Unlike the *Braswell,* case, which the Plaintiff cites to in support of his attempt to demonstrate good cause, the Plaintiff *never* included specific language, as required by the case law, to indicate that the Defendants were named in their individual capacities in this action. Therefore, Plaintiff's Motion for Leave to Amend should be denied.

Even if the Plaintiff could show good cause, if the Plaintiff is allowed to name new Defendants at this point in the action, the Defendants will be prejudiced. Their discovery is near completion, and the Plaintiff and his witnesses have been deposed. Further, the statute of limitations for bringing claims against the individual defendants has run.

WHEREFORE, the Defendants respectfully request that the Plaintiff's Motion for Leave to Amend be denied, and all other relief to which they are entitled.

Respectfully submitted,

Sara Monaghan
Attorney for Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org