IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIRBY WARD**                                                                                   PLAINTIFF

v.                                    No. 4:20-cv-347-DPM

**LUCAS EMBERTON and
GENE EARNHART**                                                                       DEFENDANTS

## ORDER

While neither acknowledged nor argued, good cause for Ward's late request to amend his complaint is manifest on the record. Ward's lawyers made two mistakes. They did not plead individual capacity claims with the precision required by settled precedent. *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007). And they did not seek to cure until two weeks after the Scheduling Order's deadline for proposing amended pleadings. Doc. 11 at 1. While good cause is mostly a matter of diligence, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008), it should weigh all material circumstances, including a measure of leniency to account for mistakes, which we all make. Defendants had more than an inkling that Ward was trying to plead individual capacity claims because their answer asserts qualified immunity and statutory immunity—individual defenses. Doc. 6 at 8. Beyond some delay, the prejudice is in any necessary clean-up discovery. That can be cured by requiring Ward's counsel to pay, up

to $1,000 each, any expenses and attorney's fees incurred by defendants in that effort. Yes, defendants will lose a win based on limitations. But the law prefers decisions on the merits. Motion, *Doc. 13*, granted. Amended complaint due by 28 January 2022. An Amended Final Scheduling Order will issue.

    So Ordered.

                                          _____
                                          D.P. Marshall Jr.
                                          United States District Judge

                                          18 January 2022