IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

**KIRBY WARD**                                                                                           **PLAINTIFF**

**V.**                                         **CASE NO. 4:20CV347DPM**

**LUCAS EMBERTON, in His**

**Individual and Official Capacity,**

**And GENE EARNHART, in His**

**Individual and Official Capacity**                                            **DEFENDANTS**

<u>**Plaintiff's Response to Defendants' Motion for Summary Judgment**</u>

1. The language of the statute the Defendants used as the basis for Kirby Ward's citation and seizure of his firearm is clear and unambiguous, not only on it's face but in light of case law that has interpreted not only that statute but every word in it relevant to this case. See *Taff v. State*, 562 S.W.3d 877, 882–83 (Ark. App. 2018), and *Pettry v. State*, 595 S.W.3d 442, 453 (Ark. App. 2020).

2. A person generally does not need a license to carry a concealed weapon in the state of Arkansas, and that had been the law for 5 years at the time of Kirby Ward's arrest. Id.

3. It was immediately clear to the first Attorney General to evaluate the statute and the second Attorney General that evaluated the statute that you could carry while on a journey. Ark. Op. Atty. Gen. No. 2013-047 (July 8, 2013) and Ark. Op. Atty. Gen. No. 2015-064 (Aug. 28, 2015).

4. Those decisions and the guidance of the Arkansas State Police clearly envisioned the circumstances around Kirby Ward's arrest by the Defendants. Id.

5. The statute made it clear what a journey was, and even the case law clearly supported that Kirby Ward was on a journey. A.C.A. 5-73-120 and *Ellington v. Town of Denning*, 99 Ark. 236, 138 S.W. 453 (1911).

6. Prior to 1975, Case precedent shows originally the burden was on the state to prove whether or not the Defendant was on a journey, and that burden returned to the state in 2015. See *McDonald*

*v. State*, 102 S.W. 703, 703 (Ark. 1907), 1609 of Kirby's Digest. *Blacknall v. State*, 119 S.W. 1119, 1119 (Ark. 1909), and Acts of 1975, Act 696, § 1.

7. The Defendants' position that every time a statute is changed back to its original meaning that a new case has to interpret that meaning is preposterous.

8. Even if the burden was on Kirby Ward to show that he was on a journey, he clearly gave enough information at the time of the stop to show that he was on a journey, and there was no indication that he was being untruthful. See Doc. 25, Exhibit 3, Bodycam of Emberton, and *Carr v. State*, 34 Ark. 448, 449 (1879), *Davis v. State*, 45 Ark. 359, 361 (1885), *Ellington v. Town of Denning*, 99 Ark. 236, 138 S.W. 453 (1911), *Hathcote v. State*, 55 Ark. 181, 184-85, 17 S.W. 721, 721 (1891), and many others.

9. The case law is clear that in states where it is legal to open or concealed carry without a license the most that should happen is a Terry Stop or a seizure to determine that you can in fact lawfully carry in the way that you were lawfully carrying. See *Duffie v. City of Lincoln*, 834 F.3d 877 (8th Cir. 2016), *Northrup v. City of Toledo Police Department* 785 F.3d 1128, 1132–33 (6th Cir. 2015), *United States v. Black*, 707 F.3d 531, 540 (4th Cir. 2013); *United States v. King*, 990 F.2d 1552, 1555, 1558–59 (10th Cir. 1993).

10. Arkansas courts have held that the statute in it's current state is clear. See *Taff v. State*, 562 S.W.3d 877, 882–83 (Ark. App. 2018), and *Pettry v. State*, 595 S.W.3d 442, 453 (Ark. App. 2020).

11. Case law shows that if a statute is clear and there are clear possible defenses to the crime, the police may not avail themselves to qualified immunity. *Robinson v. White County, Ark.*, 452 F.3d 706, 711 (8th Cir. 2006).

12.  The police should not be allowed to purposefully distort a plain and unambiguous statute and then beg for qualified immunity when their prideful feigned illiteracy leads to harm that results in a lawsuit.

13. The 8th Circuit has already made that determination and this Court should uphold that logic. Id.

14. The rest of the Defendants' defenses to the counts of conversion, supervisor liability, etc have all been dealt with and decided in plaintiff's favor long ago, and are explored in depth in the brief in support of this motion.

15. Please see the incorporated brief in support and the Plaintiff's Response to the Defendants Undisputed Material Facts.

    For these reasons, the Plaintiff requests that the court deny the Defendants' motion for summary judgment.

Submitted by:

Kirby Ward
Plaintiff
By and Through
W. Whitfield Hyman, ArBar# 2013-237
300 N 6th Street
Fort Smith, Ar 72901
479-318-0345 Telephone
479-316-2252 Facsimile
Hyman@ArkansasLawKing.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of May 2022, a true and correct copy of the above and foregoing Plaintiff's Response to Defendants' Motion for Summary Judgment was served upon counsel of record via the CM/ECF filing system.

W. Whitfield Hyman