IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIRBY WARD**                                                                                            **PLAINTIFF**

**V.**                        **CASE NO. 4:20CV347DPM**

**LUCAS EMBERTON, in His
Individual Capacity, and GENE
EARNHART, in his Individual Capacity**                                    **DEFENDANTS**

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendants, Lucas Emberton and Gene Earnhart, in their Individual Capacities, by and through their attorney, Sara Monaghan, and for their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, state:

When ruling on qualified immunity, a court must consider whether, taken in the light most favorable to the plaintiff, the facts show a violation of a particular constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). In addition, the right violated must be clearly established such that a reasonable officer would have known the law at the time of the cause of action. *Id.* at 200–02. Courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The inquiry as to whether the right is clearly established "must be undertaken in light of the specific context of the case, not a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). A right is clearly established only if "existing precedent [has] placed the statutory or constitutional question *beyond debate*." *Mullenix*, 136 S. Ct. at 308 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (emphasis added)). "[T]he clearly established law must be

'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  Even police officers who act mistakenly, but reasonably, are entitled to qualified immunity.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (reasonable but mistaken determination that probable cause exists); *Anderson v. Creighton*, 483 U.S. 635 (1987); *Gorra v. Hanson*, 880 F.2d 95, 97 (8th Cir. 1989).  "The issue for immunity purposes is not probable cause in fact but arguable probable cause," *Borgman v. Kedley*, 646 F.3d 518, 522–23 (8th Cir. 2011).

> Arkansas Code Annotated 5-73-120 provides:
>
> (a) A person commits the offense of carrying a weapon if he or she possesses a handgun, knife, or club on or about his or her person, in a vehicle occupied by him or her, or otherwise readily available for use with a purpose to attempt to unlawfully employ the handgun, knife, or club as a weapon against a person.

As set out in Defendants' MSJ Brief, "[T]here is a presumption that a loaded pistol is placed in a car as a weapon" with the "purpose to employ [it] . . . against a person." *Stoner v. Watlingten*, 735 F.3d 799, 803 (8th Cir. 2013) (holding that a loaded pistol in a vehicle gave officers probable cause to believe that the gun was possessed with the purpose to employ it against another person) (citing *McGuire v. State*, 265 Ark. 621, 580 S.W.2d 198, 200 (Ark. 1979)).  Here, the officers were not aware of any facts which would lead them to believe that Mr. Ward was lawfully authorized to employ the firearm against a person, therefore, they would be reasonable in presuming that his purpose to employ the firearm against a person was unlawful.

> Section 5-73-120(c) also provides:
>
> (c) It is permissible to carry a weapon under this section if at the time of the act of carrying the weapon: (4) The person is carrying a weapon when upon a journey…
>
> or
>
> (8) The person is in possession of a concealed handgun and has a valid license to carry a concealed handgun under § 5-73-301 et seq.,.

Given the presumption stated above, the Defendant officers had arguable probable cause to believe that Mr. Ward was not permitted to carry a weapon because he was not on a journey, and that he was not permitted to carry a concealed handgun because it is undisputed that he did not have a concealed carry license.  Mr. Ward was not on a journey because not only had he just admittedly returned to Greenbrier from a roofing job (his business) but he had returned from the job and was about to travel within the neighborhood to meet a school bus to pick up his children. At the least, if he had been on a journey, he was no longer on that journey once he had returned to his neighborhood and was in the process of completing the task of picking up his children from school.  Thus, carrying a weapon with the intent to unlawfully employ it is not permitted in these circumstances under Section 5-73-120(c).

For qualified immunity purposes, there is no case on point interpreting this statute which clearly establishes that there was no arguable probable cause for the officers to suspect Mr. Ward had committed the crime of carrying a weapon in the context of this case.  *See*, *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  Due to these reasons, the Defendant officers are entitled to qualified immunity and summary judgment.

                                                                Respectfully submitted,

                                                        By:     Sara Monaghan
                                                                ABA #2005276
                                                                Attorney for Defendants
                                                                P.O. Box 38
                                                                North Little Rock, AR 72115
                                                                TELEPHONE: 501-978-6122
                                                                FACSIMILE:   501-537-7262
                                                                EMAIL: smonaghan@arml.org

3