IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIRBY WARD**                                                                                          PLAINTIFF

v.                              No. 4:20-cv-347-DPM

**LUCAS EMBERTON, in his individual
capacity, and GENE EARNHART, in his
individual capacity**                                                                     DEFENDANTS

ORDER

1. Ward moves—respectfully and reluctantly—for relief from this Court's summary judgment in his favor. He seeks a jury trial on damages. As the prevailing party, Ward also seeks attorney's fees and costs. Emberton and Earnhart have given notice of appeal about qualified immunity, which is hanging fire pending this Court's ruling on Ward's timely filed post-judgment motions. Fed. R. App. P. 4(a)(4); *Doc. 49*.

2. Ward's motion for a jury to decide his damages is denied. Ward is correct: he sought a trial by jury in his amended complaint. *Doc. 18 at 12*. But, after Emberton and Earnhart moved for summary judgment, Ward sought permission to file a belated cross motion for the same relief. He said the materials offered in his response entitled him to summary judgment "without the addition of any further argument or evidence." *Doc. 31*. The Court granted his opposed

motion, allowed him to update his factual statement, and directed supplemental briefing. *Doc. 35*. Ward then filed his "cross motion for summary judgment seeking judgment as a matter of law on all claims." *Doc. 36 at 1 & passim*. He did not seek judgment on liability only, and, if successful, a jury trial on damages. There was no indication or reservation of any allegedly disputed fact about damages. *Compare Doc. 37*. And while Ward vigorously opposed Emberton and Earnhart's request for summary judgment, he did not press for a jury trial on any issue in those papers. *Doc. 28, 29 & 30*. On the parties' cross motions and the factual record presented, the Court resolved all the issues and ruled for Ward on the core legal points. Ward's right to a jury trial was waived when he sought summary judgment across the board. *Reinard v. Crown Equipment Corp.*, 983 F.3d 1064, 1066 (8th Cir. 2020).

3. Ward's motion for attorney's fees and costs is partly granted and partly denied. Given counsel's experience, and the nature of the issues presented in this case, the reasonable hourly rate is $225, a bit less than requested. The lodestar is $22,342.50 — that rate multiplied by the 99.3 hours spent. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). But some reductions are warranted. As Ward's lawyer points out, he had co-counsel, who passed away during the case and whose records are unavailable. The Court is not convinced, though, that this was a two-lawyer case. And the deceased

lawyer worked primarily on the conversion claim, for which fees are not recoverable even though Ward prevailed on that claim. While Ward did not succeed on every claim, they are all intertwined. A 10% reduction captures all these circumstances. Next, results. Ward's money recovery was modest: $400. His case vindicated an old and important right, though, the right to carry a firearm while on a journey. Taking account of all the results, a further 10% reduction in the time spent is appropriate. *Fish v. St. Cloud State University*, 295 F.3d 849, 852 (8th Cir. 2002). All material things considered, a reasonable attorney's fee is $17,874.00.

Ward is also entitled to recover his $400 filing fee and $85 deposition fee as costs. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. The $47.50 courier fee for filing the complaint in person in Little Rock is not recoverable as a cost. 28 U.S.C. § 1920. It would be recoverable as part of the fee if clients in the Eastern District regularly pay for such things. *Johnson Trustee of Operating Engineers Local #49 Health and Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 528 (8th Cir. 2020). This record, however, reveals no exigency requiring an in-person filing on a particular day. So the average paying client would likely insist on U.S. mail, or perhaps Federal Express, in the circumstances.

*   *   *

Motion for reconsideration, *Doc. 44*, denied. Motion for attorney's fees and costs, *Doc. 45*, partly granted and partly denied.

The Court awards a reasonable attorney's fee of $17,874 and $485 in costs, for a total of $18,359.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 January 2024